# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>AA TO ZZ CHILD CARE AND LEARNING CENTER, INC.<br>d/b/a AA TO ZZ CHILD CARE, a corporation;<br>ASHLEIGH ZIMMERMAN and<br>RYAN ZIMMERMAN<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor (hereinafter "the Secretary") brings this action to enjoin AA TO ZZ CHILD CARE AND LEARNING CENTER, INC., ASHLEIGH ZIMMERMAN and RYAN ZIMMERMAN (collectively, "Defendants") from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants

pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant AA to ZZ CHILDCARE AND LEARNING CENTER, INC., (AA to ZZ CHILD CARE), is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 88 S. Hershey Rd., Harrisburg, Pennsylvania, 17112. Defendant is engaged in a daycare business at the same address within the jurisdiction of this court. Defendant operates nine other daycare centers in the Harrisburg/York, Pennsylvania area.

3. The business activities of Defendant, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

4. Defendant ASHLEIGH ZIMMERMAN is the president of AA to ZZ Child Care identified in Paragraph 1. Ashleigh Zimmerman has directed employment practices and has directly or indirectly acted in the interest of AA to ZZ Child Care in relation to its employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment,

including schedules and the rates and methods of compensation, and supervising employees day-to-day.

5.      Defendant RYAN ZIMMERMAN is treasurer of AA to ZZ Child Care and has acted as a manager or director at AA to ZZ Child Care. Ryan Zimmerman has directed employment practices and has directly or indirectly acted in the interest of AA to ZZ Child Care in relation to its employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, setting schedules, and supervising employees day-to-day.

6.      At AA to ZZ Child Care, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including meat, produce, formula, and diapers. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of AA to ZZ Child Care are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Workweeks for Defendants' employees, including those employees listed on Schedule A, ranged from approximately 40 to approximately 45 hours, but the employees did not receive one and one-half their regular rate for their overtime hours. Therefore, Defendants are liable for the payment of unpaid overtime compensation under Section 7 of the Act.

8. For example, during the time period from at least May 20, 2015, through at least May 19, 2018, Defendants failed to compensate their employees for the time reflected on their time sheets. Defendants manipulated employee time sheets and/or payroll records at the Defendants' eight locations to reflect fewer hours worked. Defendants also improperly rounded employees' working hours through the use of a time clock system in a manner which was consistently to the employee's detriment. The failure to pay for this working time meant that employees were not compensated for hours worked over 40 in a workweek.

9. Defendants were aware that employees at the daycare centers preformed pre- and post-shift activities such as cleaning and taking care of

4

children. Regardless, employees were paid for a set amount of time per workweek. This uncompensated pre- and post- shift time would often equal an additional ½ an hour to an hour in excess of 40 hours in a workweek. Defendants also failed to compensate employees' travel time between the various centers, resulting in additional overtime violations.

10. Defendants required their employees to complete lesson plans and attend mandatory training/staff meetings, but failed to compensate employees when they performed this work at home or during unpaid breaks. The failure to pay for this working time meant that employees were not compensated for hours worked over 40 in a workweek.

11. As a result of the Defendants' actions described above, the Defendants willfully violated Section 7 of the Act by failing to compensate their employees, including the employees listed on Schedule A, who worked over 40 hours during many workweeks, at one and one-half times their regular rate for hours worked over 40.

12. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. 516. Specifically, Defendants failed to keep accurate records of hours worked by and wages due to many of their

employees. For example, Defendants failed to make, keep, and preserve time records which reflected the actual hours worked their employees. In addition, Defendants kept payroll records which were inconsistent with the hours reflected on Defendants' time records.

13. As a result of the violations alleged in the paragraphs above, back wages and an equal amount of liquidated damages are owed to Defendants' current and former employees, including the persons specifically listed in the attached Schedule A to the Secretary's Complaint.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c) and 15(a)(2) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of May 20, 2015, through May 19, 2018, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional

6

amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after May 19, 2018, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannalin
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*By:/s/ M. del Pilar Castillo*
M. del Pilar Castillo
PA ID # 311251
Office of the Solicitor, Region III
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
215-861-5186
215-861-5162 (fax)
Castillo.m.pilar@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff
